United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN FABRICIO ESCOBAR-MAYORGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5398 |
| | § | |
| BRET BRADFORD, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Melvin Fabricio Escobar-Mayorga ("Petitioner"), a citizen of Guatemala, entered the United States without inspection on an unknown date.[1] On February 8, 2022, Petitioner was served with a Notice to Appear.[2] On April 12, 2026, Petitioner was transferred to immigration custody from the Beaumont Police Department.[3] On May 20, 2026, an immigration ordered Petitioner removed from the United States to Guatemala.[4] Petitioner has appealed that decision and remains in immigration custody.[5]

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 2 ¶ 1; Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Record of Deportable/Inadmissible Alien, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, p. 3.

[3]Respondents' MSJ, Docket Entry No. 5, p. 3

[4]Id.

[5]Id.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[6] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention does not violate due process because he is legally detained under § 1225(b)(2) as an applicant for admission.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez, 166 F.4th at 498, 502. This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

---

[6]Habeas Petition, Docket Entry No. 1, pp. 11–13 ¶¶ 41–49.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 1–3.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 28th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE